COLUMBIA TRUCK LEASING CO., APPELLEE, *v.* A B C FREIGHT
FORWARDING CORP., APPELLANT.

(No. 8490—Decided January 12, 1959.)

*Messrs. Waite, Schindel, Bayless & Schneider* and *Mr.
Thomas F. Rehme,* for appellee.
*Messrs. Nieman, Aug, Elder & Jacobs,* for appellant.

LONG, J.  This is an appeal on questions of law from a judg-
ment of the Court of Common Pleas, wherein the plaintiff re-
covered a judgment against defendant for an amount claimed
due on an alleged contract which plaintiff claims it had with
defendant.  The plaintiff alleged in its petition that it rented
trucks to defendant, which defendant used in its transportation
business, under an agreement referred to as a "Lease & Service
Agreement," dated September 12, 1951.  This lease was can-
celled by defendant in March 1956, and a settlement was made by
defendant with plaintiff at this time for all matters billed to
defendant by plaintiff.  Some of the customers of defendant

were insisting upon deliveries at times necessitating the payment of overtime to its drivers; as a result of this, the defendant entered into an arrangement with Lawrence Meagher, one of its employees, to handle the off-hour cartage; thereupon, Meagher started doing business on his own under the style, L. & M. Trucking Company, as an independent contractor. It is interesting to note that while most of his hauling was for the defendant, he also did hauling for others. Later on, another employee of defendant, one Bert Levy, seeing the possibilities of the L. & M. venture, insisted that he be made a partner with Meagher, if Meagher was to continue to haul the A B C off-hour cartage. It is evident that the creation of the L. & M. Trucking Company venture was for the purpose of saving money for the defendant, and that the operation was separate and apart from the defendant.

The evidence is clear that L. & M. was a partnership and a legal entity in and of itself. There is no claim that plaintiff was deceived into believing that it was renting trucks to anyone other than L. & M. As a matter of fact, plaintiff billed L. & M. for $4,149.28; and when plaintiff could not recover from L. & M., because of its financial condition, it now wants the defendant to pay. The evidence discloses without question that the trucks covered by this billing were solely the equipment leased by plaintiff to L. & M., under the "Lease & Service Agreement" between Columbia Truck Leasing Company and L. & M. Trucking Company.

It is the contention of defendant that because Meagher and Levy both worked for A B C, and that because most of the hauling done by Meagher and Levy was for A B C, that in some way the whole thing amounts to a package deal in which A B C is the principal; that we have an undisclosed agency or an agency by estoppel. With this view we cannot agree. In our opinion, all the parties, the plaintiff, defendant, and the members of the partnership of L. & M. knew the arrangement and accepted it as an independent venture of the partnership, separate and apart from any operation of the defendant. However, there is evidence that L. & M. Trucking Company was operating from the same office, that its partners were employees. of A B C at one and the same time. While this might raise an inference that

L. & M. Trucking Company partners were acting as pretended agents, yet we feel that for the above reasons the judgment of the trial court is manifestly against the weight of the evidence.

We find no other prejudicial error in the record.

The judgment is, therefore, reversed, and the cause remanded for a new trial.

*Judgment reversed.*

HILDEBRANT, P. J., concurs.
MATTHEWS, J., concurs in the judgment.